Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Andres Navarro (SBN 358499)
anavarro@donigerlawfirm.com
DONIGER / BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820
Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LESLIE WOLLAM, an individual,<br><br>Plaintiff,<br><br>v.<br><br>HANNAH WILKE COLLECTION & ARCHIVE, a Los Angeles organization; MARSIE SCHARLATT, an individual; DAMON SCHARLATT, an individual; and ANDREW SCHARLATT, an individual,<br><br>Defendants. | Case No.:<br><br>PLAINTIFF'S COMPLAINT FOR:<br><br>1. DECLARATORY RELIEF AS TO COPYRIGHT OWNERSHIP;<br><br>2. DECLARATORY RELIEF AS TO PHYSICAL OWNERSHIP AND QUIET TITLE;<br><br>3. SLANDER OF TITLE; AND<br><br>4. TORTIOUS INTERFERENCE WITH CONTRACT AND/OR PROSPECTIVE ECONOMIC RELATIONSHIP<br><br><u>Jury Trial Demanded</u> |

Plaintiff Leslie Wollam ("Wollam" or "Plaintiff"), by and through his undersigned attorneys, hereby prays to this Honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This action further arises under the Declaratory Judgment Act, 28 U.S.C.§ 2201(a).

3. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338(a).

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

5. This Court is empowered to issue a declaratory judgment and further necessary or proper relief pursuant to 28 U.S.C. §§2201 and 2202

## PARTIES

6. Wollam is an individual residing in Dallas, Texas.

7. Wollam alleges on information and belief that Defendant Hannah Wilke Collection & Archive ("Archive") is an entity organized and/or operating in Los Angeles, California, and doing business through a licensing agency in New York.

8. Wollam alleges on information and belief that Defendant Marsie Scharlatt is an individual residing in Los Angeles, California.

9. Wollam alleges on information and belief that Defendant Damon Scharlatt is an individual residing in Los Angeles, California.

10. Wollam alleges on information and belief that Defendant Andrew Scharlatt is an individual residing in Los Angeles, California.

## CLAIMS AT ISSUE

11. Wollam is an acclaimed professional photographer and artist.

12. On information and belief, Hannah Wilke was an artist.

13. In the 1970s, Wollam created a series of original photographs depicting Wilke in numerous poses, often topless and often bespeckled with chewing gum ("Subject Photographs"). Some or all of the Subject Photographs are often referred to as the "SOS Starification Series." True and correct, non-inclusive, representative copies of the Subject Photographs are depicted below:

**EXAMPLES OF SUBJECT PHOTOGRAPHS**



14. Wollam staged, choreographed, lit, and captured each of the Subject Photographs.

15. At the time Wollam created the Subject Photographs, he was not employed by Wilke and was not a party to any agreement with Wilke or any other party under which the Subject Photographs would be "works made for hire."

16. Pursuant to an agreement between the parties in 1979, Wolman provided Wilke with negatives of the Subject Photographs to allow Wilke to print copies for herself, but did not transfer any copyright ownership in the Subject Photographs to Wilke.

17. Wollam has been publicly credited and acknowledged as the author of the Subject Photographs and has licensed same to third parties with Wilke's knowledge, and without objection from Wilke.

18. On information and belief, it is alleged that Defendants and each of them, without notice to Wollam, applied for and received a copyright registration in the Subject Photographs identifying Wilke as the author and naming Wilke and the Scharlatts as the copyright owners of the work. These registrations omitted any mention of Wollam or his creation of the photography and thus included knowingly false representation as to material facts.

19. The Subject Photographs are now well-known.

20. In 2017, Wollam consigned the sale of his 1970s "printer proofs" of the Subject Photographs for sale at Christie's auction house. The sale was successful and was not derailed by any objections by Defendants or anyone else. Thereafter, Wollam began to collaborate with Christie's to arrange an additional sale of 1970s printer proofs of the Subject Photographs.

21. Defendants, and each of them, then contacted Wollam demanding that he cease any future sale of the printer proofs and further that he hand over all such remaining printer proofs.

22. On information and belief, Plaintiff alleges that Defendants, and each of them, with knowledge of Plaintiff's agreement with Christie's, further communicated

with third parties, including without limitation Christie's, in an attempt to obstruct or stop Wollam's print sale. On information and belief, it is alleged that in doing so, Defendants, and each of them, falsely advised third parties, including without limitation Christie's that Wollam did not own the prints and/or had somehow illegally obtained the prints and/or was otherwise without rights to sell the prints.

23. The Defendants actions in filing a fraudulent copyright registration for Wollam's photographs and seeking to halt his lawful possession and sale of prints of his own artwork have caused Wollam significant harm.

24. Wollam corresponded with Defendants seeking a resolution to this dispute but the parties were unable to reach a resolution.

## FIRST CLAIM FOR RELIEF

**(For Declaratory Relief and Judgment – Against all Defendants, and Each)**

25. Wollam hereby repeats and incorporates by reference the allegations contained in the previous paragraphs of his Complaint as though fully set forth herein.

26. Wollam alleges that an actual controversy has arisen by Defendants efforts to interfere with Wollam's exploitation of the Subject Photographs and whether Wollam owns, in whole or in part, the copyrights in and to the Subject Photographs.

27. Pursuant to 28 U.S.C. §§ 2201 & 2202, a case of actual controversy within the jurisdiction of this court has arisen and now exists between Wollam on the one hand, and Defendants, on the other hand, concerning their respective rights and duties as to the Subject Photographs, with Wollam contending that he owns the copyrights in the Subject Photographs and has the right to benefit from said ownership including through the sale of copies such as the printer proofs, and Defendants contending that Wollam does not own the copyright in the Subject Photographs and no right to sell copies of same, including the printer proofs.

28. Wollam seeks declaratory judgment that he is the author and owner of the copyrights in the Subject Photographs, and that Wollam may thus possess, market, and sell the 1970s prints depicting the Subject Photogrphs.

29. Wollam seeks declaratory judgment in the alternative that he and Wilke were at the very least co-authors of the Subject Photographs and thus that he is at the very least a joint owner of the copyrights therein with half of the ownership interest in same, and that Wollam may thus possess, market, and sell the 1970s prints depicting the Subject Photographs.

30. Wollam seeks a declaratory judgment that the registrations obtained by Defendants, and each of them, for Wollam's Subject Photography were obtained via knowingly false statements.

31. Wollam seeks damages as set forth herein and may amend the complaint to add claims of infringement and to recover damages under 17 U.S.C. § 504 or per an appropriate accounting.

## SECOND CLAIM FOR RELIEF

**(For Declaratory Relief as to Physical Ownership and Quiet Title – Against all Defendants, and Each)**

32. Wollam repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

33. Wollam owns more than 20 and less than 100 physical prints that he created in the 1970s and which incorporate the Subject Photographs. He has maintained ownership and possession of these prints in their usual location on his property.

34. Wollam seeks a determination that in the 1970s he created, with all necessary consents, the prints depicting the Subject Photographs and has at all times maintained ownership and title of those items. Given his uninterrupted physical

possession and ownership of the items at issue, he owns them directly and as a matter of law and by operation of law.

35. In light of the above, Wollam seeks a determination that he has always owned and/or now owns all right, title, and interest in the 1970s prints depicting the Subject Photographs.

## THIRD CLAIM FOR RELIEF

### (For Slander of Title – Against all Defendants, and Each)

36. Wollam repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

37. Wollam alleges on information and belief that Defendants slandered Wollam's property rights in the Subject Photographs and 1970s prints bearing same by falsely communicating to third parties, including without limitation Christie's, that Wollam lacked the rights necessary to market or sell the 1970s prints depicting the Subject Photographs, that this communication was not in any way privileged or justified, and that Wollam suffered a direct and immediate pecuniary loss from this false publication as it rendered him unable to complete the second sale of his 1970s prints bearing the Subject Photographs.

38. On information and belief, Defendants', and each of their, false statements and publication to third parties, including without limitation Christie's, reasonably cast doubt on the existence of Wollam's rights in the Subject Photographs as they communicated that Wollam did not own the rights necessary to market or sell the 1970s prints depicting the Subject Photographs.

39. Due to Defendants', and each of their, slander as alleged herein, Wollam has suffered special and general damages including without limitation and diminution of the value of his 1970s prints and the loss of a specific agreement to sell the 1970s prints for a sum certain.

40. Defendants', and each of their, conuct as alleged herein was willful, wanton, and fraudulent and sufficient to justify punitive and exemplary damages.

## FOURTH CLAIM FOR RELIEF

### (For Tortious Interference with Contract and/or Prospective Advantage – Against all Defendants, and Each)

41. Wollam repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

42. On information and belief it is alleged that Wollam had an agreement with a third party or had a relationship with a third party that related to, and would have resulted in, his sale of his 1970s prints depicting the Subject Photographs.

43. On information and belief it is alleged that Defendants, and each of them, knew of this agreement and/or relationship and intentionally interfered by knowingly and falsely and without justification asserting that Wollam did not have the right to market or sell the 1970s prints depicting the Subject Photographs.

44. On information and belief it is alleged that Defendants, and each of them, contacted Christie's in New York in a knowing and unjustifiable attempt to force Christie's to break any agreement or relationship it had with Wollam relating to Wollam's sale of his rightful property, viz., certain of his 1970s prints depicting the Subject Photographs.

45. On information and belief it is alleged that Wollam, as a result of Defendants', and each of their, conduct as alleged above, lost the agreement and/or relationship and any sales, benefits, or consideration that would have resulted from that agreement and/or relationship. He thus incurred general and special damages in an amount to be established at trial. And Defendants, and each of their, conduct was knowing and outrageous and sufficient to justify punitive and/or exemplary damages.

# **PRAYER FOR RELIEF**

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each with Respect to Each Claim for Relief:**

a. Declaratory judgment that (a) Wollam is the owner of all right, title, and interest in and to the United States copyrights for the Subject Photographs, or in the alternative that Wollam is a joint-author of the Subject Photographs and owns fifty percent (50%) of all right, title, and interest in and to the United States copyrights for the Subject Photographs and is thus entitled to an accounting of 50% of any profits realized by exploiting the Subject Photographs' copyrights; and (b) that Defendants shall not in any way interfere in any way with Wollam's exploitation of the Subject Photographs in any capacity, including without limitation any sales of his 1970s prints depicting the Subject Photographs;

b. Declaratory judgment that Wollam owns all right, title and interest in the 1970s physical prints in his possession that depict the Subject Photographs and has owned all such right title and interest since the date the 1970s prints were created; and (b) that Defendants shall respect Wollam's title to the 1970s prints that depict the Subject Photographs and will not interfere in any way with Wollam's marketing, sale, or other use or employment of the 1970s prints that depict the Subject Photographs.

c. For a preliminary and permanent injunction enjoining and restraining Defendants, and their respective agents, servants, directors, officers, principals, employees, representatives, subsidiaries and affiliated companies, successors, assigns, and those acting in concert with them or at their direction, and each of them, from continued denial and disregard

Wollam's rights in and to the Subject Photographs and the 1970s prints bearing same;

d. Pecuniary damages for Wollam's loss as a result of Defendants' slander of title, including without limitation Wollam's costs and attorneys' fees in clearing his title and the diminution in value to his 1970s prints bearing the Subject Photographs as well as his pecuniary loss from the lost sale at Christie's;

e. That Wollam receive an accounting of all revenues derived from the exploitation of the Subject Photographs, and that those funds, and/or Plaintiff's portion thereof, be held or placed in a trust for the benefit of Plaintiff or any relevant party;

f. That Wollam recover punitive and exemplary damages allowable by law.

g. That Wollam be awarded pre-judgment interest as allowed by law;

h. That Wollam be awarded his costs and attorneys' fees as incurred in connection with this dispute and action; and

i. That Wollam be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Dated: January 31, 2025                                        Respectfully submitted,

By: */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Andres Navarro, Esq.
DONIGER / BURROUGHS
*Attorneys for Plaintiff*